UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-712 (DSD/JMM)

Abdirahman F. Gelle,

Plaintiff,

v.

**ORDER**

MDI Government Services,

Defendant.

This matter is before the court on the plaintiff's appeal of the order of Magistrate Judge John M. Mason dated April 21, 2000. In that order, the magistrate judge denied the plaintiff's motion to remand to state court. In accordance with 28 U.S.C. § 636 (b)(1)(A), Fed. R. Civ. P. 72 (a), and D. Minn. L.R. 72.1 (b)(2), the plaintiff appeals the order on the grounds that the magistrate judge's order is clearly erroneous and contrary to law.

This case began in Ramsey County District Court in October 1999. The original complaint and the first amended complaint are not relevant to this appeal. On February 10, 2000, defendant received from the plaintiff a letter of intent to amend the complaint a second time, a draft copy of the second amended complaint, and a stipulation for amendment. The stipulation provided February 14, 2000, as the date of service of the second amended complaint. Defendant executed this stipulation on February 22, 2000. On March 15, 2000, plaintiff filed the second amended

FILED JUL 0 5 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

complaint. The second amended complaint introduced a federal question into the case for the first time. On March 20, 2000, defendant filed both an answer to the second amended complaint and a notice of removal to federal district court.

A defendant who wants to remove a case to federal court is required by statute to file a notice of removal within thirty days of receiving, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiff here contends that the time allowed for removal began running on February 14, 2000, the stipulated date of service of the second amended complaint. Based on this triggering date, plaintiff calculates that the period for removal in this case expired on March 15, 2000. Thus, plaintiff argues, the March 20, 2000 removal by defendant was untimely.

The court disagrees. Under plaintiff's reasoning, the only way defendant could have removed the case to federal court in a timely manner would have been to remove the case on March 15, 2000, the very same day the federal claim was filed. Such a requirement, of course, would have held defendant to an impossibly tight timetable for removal. As Judge Posner explained in Sullivan v. Conway, an analogous Seventh Circuit case: "the statutory language [of 28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may

sometime in the future become removable if something happens." Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998). Thus, under the express terms of the removal statute, a defendant must be presented with formal legal papers indicating a current basis for federal court jurisdiction before the thirty day removal period begins to run.

This case did not formally involve a federal claim providing a legitimate basis for removal until the plaintiff filed the second amended complaint on March 15. Once the federal claim was filed, the defendant acted promptly to serve the plaintiff with the notice of removal on March 20, 2000. In these circumstances, the court concludes that defendant's notice of removal was timely.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the magistrate judge's order dated April 21, 2000 is affirmed.

Dated: July 5, 2000

David S. Doty, Judge
United States District Court