UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ABDIRAHMAN F. GELLE,

Plaintiff,

v.

MDI GOVERNMENT SERVICES,

Defendant.

CIVIL NO. 00-712 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on November 3, 2000 upon Plaintiff's Motion for an Interpreter [Docket No. 19] and Plaintiff's Motion to Compel and Modify the Pretrial Scheduling Order [Docket No. 22]. Sonja D. Peterson, Esq. appeared on behalf of Plaintiff; Andrew Voss, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Appointment of a Somali Interpreter [Docket No. 19] is granted. Pursuant to the provisions of 28 U.S.C. §1827(g)(4), the Clerk of Court is requested to make the services of Ismail A. Mohamed (612-204-9848), or any other qualified Somali interpreter, available to Plaintiff at trial of this matter, on a cost-reimbursable basis.

2. Plaintiff's Motion to Compel and Modify the Pretrial Scheduling Order [Docket No. 22] is denied, except that Defendant shall supplement its response to

FILED NOV - 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Document Request No. 12 no later than November 17, 2000.

Dated: November 7, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Plaintiff's Motion seeks the appointment of an interpreter pursuant to the provisions of 28 U.S.C. § 1827(d)(1)(A). Defendant does not oppose the Motion. This section is applicable only where the judicial proceeding is initiated by the United States. Plaintiff also references Section 1827(g)(4). This section does authorize the appointment of an interpreter on a cost reimbursable basis, or the court may order prepayment. We accept counsel's representation that she and her client are jointly responsible for the payment of the services of an interpreter, should those services be used. We have not concluded that a court-appointed interpreter is required for any pretrial proceedings. Plaintiff is, of course, free to seek such services independently. Where the Plaintiff and his counsel will be responsible for payment in any event, Court involvement would appear to be warranted only to the extent that the needs of the Court itself will be served at trial by insuring that the interpreter meets the standards of the Court.

Plaintiff's Motion to Compel has several parts. Plaintiff seeks an Order requiring Defendant to produce seven specific sets of documents. (See proposed Order, paragraph 4, subparagraphs 1 through 7). At oral argument, the Parties advised the Court that this portion of the Motion was moot, because the documents had been produced.

Plaintiff's Motion also sought production of additional documents in response to Document Request No. 12. The proposed Order did not clearly identify the documents

sought, but it appears that Plaintiff seeks documents similar to the document marked as Exhibit M on Plaintiff's Exhibit List, but pertaining to other machines.

Finally, Plaintiff's Motion sought to compel Defendant to permit an inspection of its' premises by Plaintiff's expert. The Motion is denied, because the discovery sought is untimely. The Pretrial Scheduling Order adopted dates proposed by the Parties. Before the case was removed from state court, Plaintiff had proposed concluding discovery by April 1, 2000. At the August 1, 2000 pretrial conference in this Court, the Parties proposed that all discovery close as of November 1, 2000, and the Pretrial Scheduling Order requires that "all discovery of any kind shall be commenced in time to be completed" by this date. On October 18, 2000, Plaintiff served a Request for Entry Upon Land, pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure. Under that Rule, Defendant has 30 days to respond to the request.[1] The Request was thus served at a time later than permitted by the Pretrial Scheduling Order.

We do not deny the Motion solely upon this ground. While on its face Plaintiff's Motion appears to seek permission to enter upon Defendant's land, in fact granting Plaintiff's Motion would result in a material change in the Scheduling Order. These consequences would follow: Plaintiff's expert would enter upon Defendant's land, and make observations which he says would be useful rendering his expert Report; Plaintiff's expert would then change his expert Report to reflect these findings, and the conclusions based upon these findings; Plaintiff would then serve the Report of the expert; Defendant would then take the deposition of Plaintiff's expert; Defendant would then submit its expert

---

[1] Rule 34 permits the Court to direct a shorter or longer time, but Plaintiff did not seek this relief, and as we explain in the next part of this Order, Plaintiff has not substantiated that such relief should be granted in any event.

Report; and finally, Plaintiff would take the deposition of Defendant's expert.

A party seeking a change in the Scheduling Order has the initial burden of establishing good cause for the change. Local Rule 16.3. Once that burden has been met, the Court may still deny a change in the Scheduling Order if it concludes that the opposing party will suffer prejudice or if the judicial process will be impeded. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); and Luigino's Inc. v. Pezrow Cos., Inc., 178 F.R.D. 523, 535 (D. Minn. 1998). In this case, the Motion is denied for both reasons. First, Plaintiff has not met the burden of showing that additional time should be required. The Court has afforded to Plaintiff more time than originally thought to be necessary. In addition, Defendant consented to an additional month beyond the date required by the Scheduling Order for the submission of expert reports. The asserted ground for seeking the view of the premises is that the expert states that such a view could be helpful in forming an opinion. Yet there is nothing in the record to suggest any reason why the expert could not reach that conclusion at a date sufficiently early to permit a timely entry upon the premises.

We also deny the Motion because of the prejudice to Defendant, and because it would necessarily intrude upon the orderly scheduling of this matter for trial. Plaintiff's Motion seeks not only an extension of the deadline for discovery, but a redoing of the expert witness report deadlines. In the Scheduling Order, those deadlines were set as September 1, 2000 for Plaintiff, and October 1, 2000 for Defendant. The Parties reached an agreement among themselves to extend these dates by one month. Both experts have now already rendered their reports; the deposition of Plaintiff's expert has already been taken, and the deposition of Defendant's expert will be taken soon. If the Motion were granted, these efforts would be wasted, and the expert discovery and

disclosure process would have to start all over again. Not only would this result in substantial unnecessary expense and effort, it would interfere with the orderly progress of this case to trial.

Plaintiff argues that the Motion merely seeks an ability to supplement the expert witness report, as required by Rule 26(e)(1). This argument is misplaced. A party who submits an incomplete expert report within the time required by the Scheduling Order is not allowed to submit a more comprehensive report at a later date upon the theory that the complete report is submitted as a "supplementation" of the incomplete report. If this were possible, the deadlines for submitting initial reports would be rendered meaningless. Reference to expert reports in Rule 26(e)(1) was not created for this purpose.

J.M.M.