UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-712(DSD/JMM)

Abdirahman F. Gelle,

Plaintiff,

v. **ORDER**

MDI Government Services,

Defendant.

Sonja D. Peterson, Esq. and Dunnwald Peterson Law Office, 400 Fourth Street South, Suite 1150, Minneapolis, MN 55415, counsel for plaintiff.

Donald W. Selzer, Jr., Esq., Andrew J. Voss, Esq. and Littler Mendelson, 33 South Sixth Street, Suite 3110, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's motion for summary judgment. In his complaint, plaintiff brings state and federal claims of religious discrimination and a state law claim for intentional infliction of emotional distress.[1] After a period of discovery, defendant moves for summary judgment, contending that plaintiff has failed to create a genuine issue of fact with respect to whether defendant has met its burden in reasonably accommodating

---

[1] The court notes that plaintiff has voluntarily dismissed his race discrimination, national origin discrimination, and breach of contract claims. (Pl.'s Mem. Opp'n Summ. J. at n.1).

MAR 0 6 2001
FILED
FRANCIS E. DOSAL, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

plaintiff and that plaintiff's only proposed accommodation imposed an undue hardship on defendant's business operations.

The court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252. On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. Id. at 250.

After carefully reviewing the record, the court concludes that plaintiff has introduced substantial evidence of critical fact issues warranting a denial of defendant's motion for summary judgment on the state and federal claims of religious discrimination. Viewing the record evidence in the light most favorable to the nonmoving party, as required under Fed. R. Civ. P. 56, the court concludes that genuine issues of material fact exist as to plaintiff's religious discrimination claims against defendant. Summary judgment is therefore inappropriate on the

claims of religious discrimination. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

The court, however, cannot similarly conclude that issues of material fact exist as to the state law claim of intentional infliction of emotional distress. Thus, for the reasons stated, defendant is granted partial summary judgment on that claim.

**A. Religious Discrimination Claims**

In order to establish a prima facie case of religious discrimination under § 2000e-2(a)(1)(j), a plaintiff must plead and prove that: (1) he has a bona fide religious belief that directly conflicts with an employment requirement; (2) he has informed his employer about the conflict; and (3) he was discharged because of his refusal to comply with the employment requirement. See Brown v. General Motors Corp., 601 F.2d 956, 959 (8th Cir. 1979). The parties here do not dispute that plaintiff has established a prima facie case of religious discrimination.

Once a plaintiff has made out a prima facie case of religious discrimination, the burden then shifts to the employer to produce evidence showing that it cannot reasonably accommodate the employee without incurring undue hardship. See id.; Cook v. Chrysler Corp., 779 F. Supp. 1016, 1022 (E.D. Mo. 1991). The employer thus has the burden of demonstrating either that it has offered a reasonable accommodation to the employee that the employee has refused or that the proposed accommodating steps would require undue hardship. See

Ansonia Bhd. of Edu. v. Philbrook, 479 U.S. 60, 68-69 (1986); TWA v. Hardison, 432 U.S. at 84-85. If the employer professes an inability to offer reasonable accommodation, the employer must produce evidence of undue hardship. Ansonia, 479 U.S. at 69. ("[t]he extent of undue hardship on the employer's business is at issue only where the employer claims that it is unable to offer any reasonable accommodation without such hardship.") Moreover, undue hardship refers to "present undue hardship, as distinguished from anticipated or multiplied hardship." Brown, 601 F.2d at 961 (quoting Haring v. Blumenthal, 471 F. Supp. 1172 (D.D.C. 1979)).

The court concludes that defendant has failed to meet its burden under Rule 56. For purposes of avoiding summary judgment, plaintiff has provided sufficient evidence creating factual issues as to whether defendant has attempted to provide reasonable accommodation to plaintiff's religious practices that were refused by plaintiff, and whether plaintiff's proposed accommodations would create an undue hardship on defendant. Specifically, the court finds inconclusive at this stage that plaintiff's proposed accommodation would require defendant to bear an undue hardship in more than de minimus costs. Summary judgment must thus be denied on the state and federal claims of religious discrimination.

**B. Intentional Infliction of Emotional Distress**

Plaintiff also brings a state law claim for intentional infliction of emotional distress. To prevail on this claim,

plaintiff must establish: (1) that the employer's conduct was extreme and outrageous; (2) that the conduct was intentional or reckless; (3) that the conduct caused emotional distress; and (4) that the distress was severe. See Hubbard v. United Press Int'l., Inc., 330 N.W.2d 428, 438-39 (Minn. 1983). Plaintiff asserts that defendant's employment actions were outrageous and were carried out with the intention of inflicting severe emotional distress. However, as the Minnesota Supreme Court held in Hubbard, employer conduct is only actionable under this tort, "when [the conduct] considered cumulatively, constitutes extreme and outrageous conduct utterly intolerable in civilized society." Id. at 439-40.

The record is devoid of any evidence supporting a determination that any of defendant's alleged conduct rises to the level of outrageousness or extremity necessary to sustain a claim of intentional infliction of emotional distress. The court thus concludes that plaintiff here has not demonstrated a degree of emotional distress sufficient to satisfy the severity requirement under Minnesota law. See Peterson v. City of Plymouth, 945 F.2d 1416, 1421 (8th Cir. 1991). Accordingly, defendant is entitled to partial summary judgment, and plaintiff's claim for intentional infliction of emotional distress is dismissed with prejudice.

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. On the state and federal religious discrimination claims, defendant's motion for summary judgment is denied; and

2. On the intentional infliction of emotional distress claim, defendant's motion for summary judgment is granted.

Dated: March 6, 2001

David S. Doty, Judge
United States District Court